## McCumber v. Haynes et al.

1. APPELLATE PRACTICE—EXCEPTIONS.
In the absence of an exception to the judgment in a case tried to the court, errors alleged to have been committed in determining issues of fact will not be considered on appeal.
2. SAME—JUDGMENT—MODIFICATION.
Under the circumstances of this case, the decree should have completely settled the rights of the parties, but such judgment as ought to have been entered in the court below may be entered here on appeal.

*Appeal from the District Court of Fremont County.*

Mr. Thomas Macon, for appellant.

Mr. Jos. H. Maupin and Mr. H. B. Babb, for appellees.

Bissell, J., delivered the opinion of the court.

This case was tried to the court. No exception was saved to the judgment, which forbids us to consider or determine the errors, if any, committed in determining questions of fact. One assignment of error is of so general a character as to permit of no examination. This practically disposes of all matters except those arising from the form of the judgment and the course which the court pursued in disposing of the case.

The controversy grew out of a sale of some real property in Fremont county owned by Mrs. Haynes and sold to the appellant, McCumber. A brief general statement of the controversy and the form of its disposition will make plain the reasons for our decision. In November, 1893, Mrs. Haynes sold the property to McCumber and conveyed it by deed containing general covenants of warranty, but without a covenant against incumbrances. The parties agree in regard to the amount of the actual consideration, which was $5,400, though that expressed in the deed was $10,000. The differences between them come from their different contentions respecting the incumbrances, liens, and charges which McCumber was bound to pay as a part of the consideration money. It is admitted that the property was incumbered for $2,000, and some unpaid interest charges, due Crippen, Lawrence & Co. It is also conceded that there were sundry liens for unpaid taxes, as well as assessments on some ditch stock which was transferred with the title and was a part of that which McCumber was entitled to receive. The parties disagree as to whether the number of shares of ditch stock was six or seven, but this matter is wholly immaterial. At the time of the conclusion of the trade, McCumber gave his note for $2,810, and executed a trust deed to secure its pay-

ment, which amount was supposed by the parties to represent the difference between the incumbrances which McCumber assumed and the total consideration to be paid for the land and stock. This note was not paid at maturity. By reason of the differences which arose over the amount of the liens and because of sundry payments which McCumber had made to liquidate certain taxes which he asserted he was not obligated to pay, the parties disagreed as to the amount due on the note. Mrs. Haynes commenced proceedings to foreclose her trust deed, and McCumber thereupon tendered her $1,700, which he asserted was sufficient to liquidate all just claims which he was bound to pay. Mrs. Haynes refused to accept this sum, and McCumber brought a suit in equity, alleging these various matters and his contentions respecting them, set out the details of the trade, the amount of the liens which he was bound to pay, the sums which he had paid to Mrs. Haynes, and stated her claims respecting these matters, and prayed an accounting between them, and an injunction in the meantime to restrain the sale of the property. He offered to pay whatever sum should be found due, although he did not keep his tender good by bringing the money into court. By stipulation of the parties, it appeared that $1,500 was paid by McCumber to Mrs. Haynes during the progress of the trial, which the court was authorized to take into consideration in rendering judgment. After the testimony was all in and the court proceeded to announce its findings, he held that McCumber had made certain payments to Mrs. Haynes which ought to have been credited on the note, commencing with December 20, 1893, and ending February 26, 1894, and amounting in round numbers to $474.59. The court found these sums had been paid and should be indorsed on the note. The defendant accepted these findings, and in open court and at the time the judgment was announced, made indorsements of them on the note. Thereupon the court entered judgment finding these various facts and payments, and then entered a final judgment dismissing the

case, denying the injunction, and giving the plaintiff his costs.

As already suggested, the only point made by the appellant in the assignment of errors and legitimately presented by the record is as to the regularity of this judgment. It may be questioned whether the judgment which the court should have entered ought not to have been a judgment determining the amount due from the plaintiff to the defendant, denying the injunction and permitting the plaintiff to satisfy the trust deed on the payment of this amount. We are inclined to the opinion this would have been a safer and a better judgment to enter, and would have been a final adjudication between the parties as to the amount of the indebtedness and a complete settlement of all their rights. Though we are of this opinion, the error, if any, which the court committed, is not one which permits us to overturn the judgment. The appellant has assigned no error which we can consider which can be held prejudicial to his rights. He practically got, by the finding of the court and the indorsements on the paper, credit for all the sums which he had paid, and by the payment of the balance remaining due McCumber would have been entitled to the satisfaction of the trust deed, could have prevented any sale, and the rights of the parties would have been completely determined. Since this is true, the statute does not permit us to reverse the judgment, nor does the record present a case which we are called on to adjudicate and determine. Under these circumstances, the only judgment which the appellant is entitled to in this court is one for the entry of the proper decree expressing the rights of the parties according to the terms of this decision, which he may have, if he is so advised and desires. The injunction which has been issued will be dissolved.

Subject to this limitation, the judgment will be affirmed.

*Affirmed.*

Wilson, J., not sitting.